**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

VINCENT MAXWELL, ROCHELLE T. SPANN,
WILLIAM BINION, PAMELA TERRELL,
DESMON SMITH, EUGENE JOHNSON,
KIM MCMICHAEL-JONES, YUMEIKA HUNT,
NICOLE GREEN, SANDRA SAMPSON,
SONYA L. HAWKINS, and ANGELA WALLER,

          Plaintiffs,

v.                                             Judge Avern Cohn
                                                 Case No. 03-73134

MGM GRAND DETROIT, LLC,

          Defendant.
_____/

**MEMORANDUM AND ORDER GRANTING DEFENDANT'S MOTIONS FOR
SUMMARY JUDGMENT ON THE BASIS OF JUDICIAL ESTOPPEL AGAINST
PLAINTIFFS TERRELL AND SPANN**

**I. INTRODUCTION**

       This is an employment- based race discrimination case under 42 U.S.C. § 1981. Pamela Terrell (Terrell) and Rochelle Spann (Spann), two of the plaintiffs above, claim that defendant MGM Grand Detroit, LLC (MGM) engaged in discriminatory practices against African-American employees.

       Before the Court are the defendant's motions for summary judgment against Terrell and Spann. MGM asks the Court to bar Terrell from maintaining her claim against it under the doctrine of judicial estoppel because she failed to disclose the case here as an asset in her Bankruptcy Schedules and Statements of Financial Affairs when filing for bankruptcy protection under Chapter 7. Likewise, MGM asks the Court to bar

1

Spann from maintaining her claim against it because she failed to disclose the case here as an asset in her Bankruptcy Schedules and Statements of Financial Affairs when filing for bankruptcy protection under Chapter 13.

Terrell and Spann argue that judicial estoppel is inappropriate because their failure to disclose their claims against MGM was due to mere advertence or mistake.

For the reasons that follow, the defendant's motions will be granted.

## II. BACKGROUND

### A. Pamela Terrell

Terrell, an African-American female, was employed by MGM from July 6, 1999 to September 10, 2001.

Terrell was a named plaintiff in a class action race- discrimination lawsuit under the Michigan Elliot-Larsen Civil Rights Act filed in Wayne County Circuit Court against MGM on October 25, 2001. Certification of the proposed class was denied and the case was dismissed on September 12, 2003.

Terrell was one of the plaintiffs who filed this case on August 18, 2003. Terrell alleges race discrimination in violation of 42 U.S.C. § 1981 with respect to certain promotions for which she was not selected.

On October 6, 2005 while the case was pending, Terrell filed for bankruptcy protection under Chapter 7 in the Bankruptcy Court for the Eastern District of Michigan (the bankruptcy court). The bankruptcy petition was filed by a different attorney than the attorneys representing her in this case.

As part of the required Bankruptcy Schedules and Statement of Financial Affairs, Terrell was asked to "[l]ist all suits and administrative proceedings to which the debtor is

or was a party within one year immediately proceeding the filing of this bankruptcy case." Under penalty of perjury, Terrell responded: None.

Terrell was also required to identify any "[o]ther contingent and unliquidated claims of every nature[.]" Under penalty of perjury, Terrell responded: None.

On December 2, 2005 the Chapter 7 trustee issued a "no distribution" report, finding all of Terrell's assets to be exempt from distribution to her creditors. On February 2, 2006 Terrell's debts were discharged from bankruptcy, and her bankruptcy case was officially closed on March 29, 2006.

On April 13, 2007 MGM filed this motion for summary judgment.

On May 18, 2007 Terrell notified the Chapter 7 trustee of her claim against MGM and filed a motion to re-open her bankruptcy proceeding so that the bankruptcy court can administer this case as an asset.

On June 12, 2007 the bankruptcy court entered an order reopening her bankruptcy case. In her supplemental response in opposition to the defendant's motion for summary judgment, filed on June 14, 2007, Terrell stated that she planned to file the necessary amended schedules with the bankruptcy court before the June 19, 2007 deadline.

### B. Rochelle Spann

Spann, an African-American female, was employed by MGM from May 25, 1999 to April 1, 2002.

Spann was a named plaintiff in a race discrimination class action lawsuit under the Michigan Elliot-Larsen Civil Rights Act filed in Wayne County Circuit Court against MGM on October 25, 2001. Certification of the proposed class was denied and the

case was dismissed on September 12, 2003.

Spann was one of the plaintiffs who filed this case on August 18, 2003. Spann alleges race discrimination in violation of 42 U.S.C. § 1981 with respect to certain promotions for which she was not selected as well as alleged disparate discipline she received.

On August 13, 2004, while the case was pending, Spann filed for bankruptcy protection under Chapter 13 in the bankruptcy court. The bankruptcy petition was filed by a different attorney than the attorneys representing Spann in this case.

As part of the required Bankruptcy Schedules and Statement of Financial Affairs, Spann was specifically asked to "[l]ist all suits and administrative proceedings to which the debtor is or was a party within one year immediately proceeding the filing of this bankruptcy case." Under penalty of perjury, Spann responded: None.

Spann was also required to identify any "[o]ther contingent and unliquidated claims of every nature[.]" Under penalty of perjury, Spann responded: None.

On November 3, 2004, the bankruptcy court confirmed Spann's Chapter 13 reorganization plan.

On October 13, 2006 Spann responded to MGM's second set of interrogatories. She did not disclose her bankruptcy case in response to the following question:

> Has plaintiff ever been, or is Plaintiff currently, a Plaintiff or Defendant in any lawsuit or legal proceeding aside from this case, or has Plaintiff ever testified, in disposition [sic] or in court, in any lawsuit or legal proceeding aside from this case?
>
> ANSWER: See General Objections, including number 1. To the extent that this overbroad request can be narrowed to matters related to this lawsuit, other than the related Wayne county Circuit court matter, **plaintiff answers no.**

4

(Emphasis added).

On April 13, 2007 MGM filed this motion for summary judgment.

On June 1, 2007 Spann's bankruptcy attorney filed an amended schedule and a petition to reopen the bankruptcy case to list her claim against MGM as an asset.

### III. STANDARD FOR SUMMARY JUDGMENT

Summary judgment will be granted when the moving party demonstrates that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). There is no genuine issue of material fact when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The Court "must view the evidence in the light most favorable to the non-moving party." Employers Ins. of Wausau v. Petroleum Specialties, Inc., 69 F.3d 98, 101 (6th Cir. 1995). However, the nonmoving party may not rest upon his pleadings; rather, the nonmoving party's response "must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e).

### IV. DISCUSSION

#### A. The Doctrine of Judicial Estoppel

The doctrine of judicial estoppel "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." New Hampshire v. Maine, 532 U.S. 742, 749 (2001) (citation omitted). The Supreme Court has described judicial estoppel as "an equitable doctrine invoked by the court at its discretion." Id. at 750.

The purpose of the doctrine of judicial estoppel is to "preserve the integrity of the courts by preventing a party from abusing the judicial process through cynical gamesmanship." Browning v. Levy, 283 F.3d 761, 776 (6th Cir. 2002). The Supreme Court has identified three considerations that are typically relevant in determining whether judicial estoppel should apply:

> (1) "a party's later position must be clearly inconsistent with its earlier position"; (2) "whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceedings would create the perception that either the first or the second court was misled"; and (3) "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped."

New Hampshire, 532 U.S. at 750-51 (internal quotations and citations omitted).

In applying this test to the issue of whether a party's failure to disclose pending or potential claims in their bankruptcy petitions bars her from pursuing that claim, the Court of Appeals for the Sixth Circuit has focused heavily on the first two factors. In Browning, 283 F.3d at 775 (citing Teledyne Indus. Inc, v. NLRB, 911 F.2d 1214, 1218 (6th Cir. 1990), the Court of Appeals stated that the doctrine of judicial estoppel bars a party from "(1) asserting a position that is contrary to one that the party has asserted under oath in a prior proceeding, where (2) the prior court adopted the contrary position 'either as a preliminary matter or as part of a final disposition.' " However, the Browning court also noted that judicial estoppel is inappropriate in cases of conduct amounting to nothing more than mistake or inadvertence. Id. at 776.

## B. Whether Terrell and Spann Assert A Contrary Position to the Positions They Asserted Under Oath in Their Bankruptcy Proceedings

### 1. Argument

The Bankruptcy Code requires a debtor to file "a schedule of assets and liabilities, a schedule of current income and current expenditures, and a statement of the debtor's financial affairs." 11 U.S.C. § 521(1). A legal claim or cause of action is an asset that must be listed under § 521(1). See, Eubanks v. CBSK Fin. Group, Inc., 385 F.3d 894, 897 (6th Cir. 2004). Moreover, "[t]he duty of disclosure is a continuing one, and a debtor is required to disclose all potential causes of action." In re Coastal Plains, Inc., 179 F.3d 197, 208 (5th Cir.1999) (citation omitted). MGM points out that the Court of Appeals for the Sixth Circuit has held that pursuing a cause of action not disclosed as an asset in a bankruptcy proceeding creates an inconsistency sufficient to support judicial estoppel as the debtor has already asserted the position that no such claims existed. See Eubanks, 385 F.3d at 898; Browning, 283 F.3d at 775. MGM argues that it follows that because Terrell and Spann also failed to disclose the case here as an asset during their bankruptcy proceedings, they asserted the contrary position that the case does not exist.

### 2. Resolution

The plaintiffs do not dispute that their bankruptcy filings do not list the pending claims and that they should have been listed. They argue instead that their omissions were inadvertent. Thus, the defendants have established that both Terrell and Spann assert before the Court a position that is contrary to the position they asserted under oath in their bankruptcy proceedings.

7

### C. Whether the Bankruptcy Court Adopted the Contrary Positions of Terrell and Spann

#### 1. Argument

MGM asserts that a bankruptcy court implicitly accepts a debtor's statements regarding the absence of any legal action on the schedules or financial statement when discharging a debt. In re Johnson, 345 B.R. 816, 822 (Bankr. W.D. Mich., 2006); Reynolds v. Comm'r, 861 F.2d 469, 473 (6th Cir. 1988). Therefore it follows that since the bankruptcy court discharged Terell's debts on February 3, 2006, it adopted her position that she had no claim pending against MGM.

Next, MGM argues that by confirming a Chapter 13 reorganization plan, the bankruptcy court adopts a debtor's statement that she has no potential or pending causes of action. Reynolds, 861 F.2d at 473. Therefore it follows that since the bankruptcy court confirmed Spann's Chapter 13 reorganization plan, it adopted Spann's position that she had no claim pending against MGM.

Terrell and Spann respond that they have sought and will likely be granted the right to reopen their bankruptcy proceedings and amend their schedules. Thus their "prior" position can be cured by amendment, and therefore the "position" has not been litigated/adopted by the bankruptcy court. The two point out that numerous courts have held that the amendment of bankruptcy filings cures the defect and results in there being no prior inconsistent position or adoption of the position. See Lampl v. Smith, 169 B.R. 432, 436 (Bankr. Dist. Colo. 1994) ("As between the reopened bankruptcy proceeding and the lawsuit, there is no inconsistency as would give rise to an application of the judicial estoppel doctrine."); In re: Danial, 205 B.R. 346, 348 ( Bankr.

N.D. GA. 1997) (where debtor sought to reopen case and amend schedules to add claim, the court found that "[t]he broad right to amend, together with the underlying policies of the bankruptcy systems, undermines any judicial estoppel argument in a chapter 7 case."); Swearingen- El v. Cook County Sheriff's Dept., 456 F. Supp. 2d 986, 991 (N.D. Ill. 2006) (finding judicial estoppel inappropriate where debtor re-opened bankruptcy proceeding and case was being pursued for benefit of creditors). The plaintiffs assert that as their bankruptcy schedules are similarly being amended, any technical defect will likely be cured and judicial estoppel cannot be applied.

### 2. Resolution

The bankruptcy court adopted Terrell's contrary position when it discharged her debt. Johnson, 345 B.R. at 822; Reynolds, 861 F.2d at 473. The bankruptcy court likewise adopted Spann's contrary position when it approved her reorganization plan. Id.

The cases relied upon by the plaintiffs to support their argument that amending one's bankruptcy filings is sufficient to "cure" one's prior position are from different circuits and are contrary to the stance of the Court of Appeals for the Sixth Circuit and other courts within this circuit. In the recent case Tyler v. Federal Express Corp., 420 F. Supp. 2d 849, 859 (W.D. Tenn. 2005), aff'd, 206 FED. App. 500, 501 (6th Cir. 2006), the Court of Appeals upheld the dismissal of an employment discrimination case under the judicial estoppel doctrine notwithstanding the fact that after the defendant moved for summary judgment on the basis that the plaintiff had not disclosed the case as an asset in her bankruptcy filings, the plaintiff amended her bankruptcy schedules to include the case as an asset. The district court specifically rejected the plaintiff's argument that the application of judicial estoppel in this matter would be unduly harsh and inequitable

9

because the bankruptcy proceeding has been amended to correct any deficiencies in her petition:

> [t]he success of our bankruptcy laws requires a debtor's full and honest disclosure. Allowing [plaintiff] to back-up, re-open the bankruptcy case, and amend his bankruptcy filings, only after his omission has been challenged by an adversary, suggests that a debtor should consider disclosing potential assets only if he is caught concealing them. This so-called remedy would only diminish the necessary incentive to provide the bankruptcy court with a truthful disclosure of the debtors' assets.

Id. at 859 (quoting Burnes v. Pemco Aeroplex, Inc., 291 F.3d 1282, 1286 (11th Cir.2002)); see also, Pate v. United Parcel Serv., Inc., 2006 WL 2076795 at **2-3 (E.D. Tenn. July 24, 2006) (citing Burnes, 291 F.3d at 1286, in concluding that the plaintiff's effort to reopen his bankruptcy case does not preclude dismissal based on judicial estoppel); Scott v. Dress Barn, Inc., 2006 WL 962534 at *4 (W.D. Tenn. Apr. 12, 2006) (citing Burnes, 291 F.3d at 1286, in concluding that "the fact that Plaintiff amended her petition after the filing of Defendant's motion does not negate the Browning factors"); Johnson, 345 B.R. at 824 (citing Burnes, 291 F.3d at 1286, in concluding that a debtor who informed bankruptcy trustee of pending litigation after the defendants raised the issue of judicial estoppel did not preclude dismissal based on judicial estoppel); In re Colvin, 288 B.R. 477, 481 (Bankr. E.D. Mich. 2003) ("If debtors could omit assets at will, with the only penalty that they had to file an amended claim once caught, cheating would be altogether too attractive.")

### D. Inadvertence, Mistake, or Lack of Bad Faith

#### 1. Standard

In Browning, 283 F.3d at 776 (citing In re Coastal Plains, 179 F.3d at 210), the Court of Appeals for the Sixth Circuit held that a debtor's omission may be deemed

10

inadvertent in two circumstances : (1) where the debtor lacked knowledge of the undisclosed claims; and (2) where the debtor had no motive for concealment.

Regarding inadvertence, "[t]he debtor need no know all the facts or even the legal basis for the cause of action rather, if the debtor has enough information ... to suggest that it may have a possible cause of action, then it is a 'known' cause of action such that it must be discharged." In re Coastal Plains, 179 F.3d at 208.

Regarding the motive for concealment, "[i]t is always in a [bankruptcy] petitioner's interest to minimize income and assets." Lewis v. Weyerhaeuser Co.,141 FED. App. 420, 426 (6th Cir. 2005). This is because damages recovered from a disclosed suit become property of the estate in bankruptcy, and any damages received will be used to satisfy the debts. Wallace v. Johnston Coca-Cola Bottling Group, 2007 WL 927929 at *3 (S.D. Ohio Mar. 26, 2007).

Additionally, the Court of Appeals for the Sixth Circuit recently noted that it will also consider the absence of bad faith in determining whether it should apply judicial estoppel. Eubanks, 385 F.3d at 894-895 (in which the plaintiffs took self-initiated steps to notify the trustee and bankruptcy court of pending litigation prior to the defendant's motion to dismiss on the basis of judicial estoppel.)

## 2. Argument

### a.

Terrell asserts in a signed affidavit that her omission was inadvertent because her bankruptcy attorney failed to ask her whether she had any claims pending.

Spann asserts in a signed affidavit that her omission was inadvertent because while she told her bankruptcy attorney about her pending claim against MGM, he failed

to include it in her bankruptcy schedules and financial statement.

Moreover, Terrell and Spann argue that the mere failure to disclose the case is not sufficient "proof" of lack of inadvertence, mistake, or bad faith. The two argue that MGM has the burden of proof to show that the omission was not due to inadvertence or mistake, and that they have failed to do so here.

**b.**

MGM replies they have met their burden in showing that Terrell and Spann's omissions were not inadvertent or by mistake. First, each plaintiff knew of the factual basis for her claim by virtue of the fact that they had joined in a class action and then filed this case. Moreover, MGM points out that Terrell verified responses to written discovery just three days after completing her bankruptcy schedules and statement of financial affairs and less than two weeks before filing her petition for bankruptcy protection. MGM also points out that Spann has been deposed in both the class action suit and in the case here and did nothing to amend her bankruptcy schedule until this motion was filed. Moreover, MGM argues that Spann's failure to disclose her bankruptcy proceeding during discovery of this case amounts to bad faith.

MGM also argues that Terrell and Spann had ample motive to conceal their claims because they want to keep any recovery for themselves.

Moreover, MGM argues that the plaintiffs' attempts to blame their bankruptcy attorneys for their failure to disclose this case fails to establish inadvertence, mistake, or lack of bad faith. First MGM point out that Terrell and Spann rely only on their affidavits, which MGM characterizes as conclusory and self-serving. MGM also points out that Terrell and Spann each signed an oath stating that they had read their filings and that

12

the information in the documents was correct. MGM also says that the plaintiffs cannot claim confusion or misunderstanding of their duty to disclose the case because the statement of financial affairs clearly and plainly requires the debtor to "list all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case. See Salyer v. Honda of Am. Mfg. Inc., 2006 WL 3230807 at *7 (S.D. Ohio Nov. 6, 2006) ("there is nothing ambiguous about this question. It clearly states that the debtor must list all suits to which [s]he was a party within the past year.") MGM argues that given these circumstances it is fair to infer that the plaintiffs disregarded their duty to respond truthfully under oath in signing the schedules and financial statement. Consequently there is no reason to believe that they would take their duty seriously with respect to their affidavits and they should be disregarded.

Next, MGM says that even accepting the affidavits, the plaintiff's cannot establish inadvertence, mistake or lack of bad faith because the plaintiffs are bound by the actions of their attorneys. In Scott, 2006 WL 962534 at * 4, the plaintiff asserted that she did not disclose her wrongful termination action on the advice of her bankruptcy attorney. The district court held that:

> This excuse carries no weight in these circumstances. The Supreme Court has held that a litigant is bound by the errors and omissions of his or her attorney. Link v. Wabash R.R. Co., 370 U.S. 626,(1962) (A litigant who voluntarily chooses an attorney as her representative cannot later "avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent ....")(additional citations omitted); see also Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 397 (1993) (reiterating, in the context of determining whether failure to file a proof of claim before the bar date constituted excusable neglect, that clients are

13

"held accountable for the acts and omissions of their chosen counsel"). Accordingly, the failure of the Debtor's attorney to schedule the wrongful discharge action despite the Debtor's assertion that she specifically advised him of the suit is "no pancea." Barger v. City of Cartersville, Ga., 348 F.3d 1289, 1295 (11th Cir.2003).

Likewise, in Lewis, 141 FED. App. at 427, the Court of Appeals for the Sixth Circuit stated that the plaintiff was held to the actions of her attorney in rejecting the plaintiff's assertion that she did not disclose her wrongful discharge action in her bankruptcy schedules because her attorney's paralegal advised her not to.

### 3. Resolution

The plaintiffs have failed to show that their failure to disclose the case here to the bankruptcy court was due to inadvertence, mistake, or lack of bad faith. Contrary to the plaintiffs' assertion, the burden is not on MGM to also establish Terrell and Spann's bad faith where they have already established that they possessed knowledge of factual basis of their claims and had a motive to conceal them from the bankruptcy court. In cases involving the omission of assets in a bankruptcy case, it has been held that intentional manipulation, as opposed to inadvertence, may be inferred from the record where knowledge and motive have been established. Tyler, F. Supp 2d. at 857 (citing Burnes, 291 F.3d at 1287).

The plaintiffs have not met their burden. The undisputed facts show that Terrell and Spann were aware of the factual basis of the case here when filing for bankruptcy. In re Coastal Plains, 179 F.3d at 208. The fact that both plaintiffs participated in discovery further negates their argument of inadvertence. Moreover, both plaintiffs had a motive to conceal their claims as a potential asset because in the event that they receive damages, their creditors would not know. Lewis, 141 FED. App. at 426.

Next, even if it is true that Terrell's attorney never asked her whether she had a case pending, or that Spann's attorney ignored her when she told him that she had a case pending, these excuses are not sufficient as the plaintiffs are bound by the actions of their attorney. Id. at 427; Scott, 2006 WL 962534, at * 4. Moreover, the plaintiffs each signed an oath swearing that she had personally reviewed the documents and found them to be truthful and accurate. In Johnson, the debtor similarly asserted that she told her attorney about her pending wrongful discharge action, and the attorney failed to mention suit in the bankruptcy filings. In rejecting this excuse the court commented that:

> It was the Debtor's responsibility to verify the accuracy of the information contained in her schedules and statement of financial affairs and she "had the duty to carefully consider all of the questions posed and to see that they [were] completely and correctly answered.

345 B.R. at 825.

Finally, the plaintiffs have not established a lack of bad faith as this case is readily distinguishable from the facts in Eubanks. As explained by the court in Scott, 2006 WL 962534 at *4:

> Although the plaintiffs in Eubanks omitted their cause of action from the bankruptcy schedules, they (1) notified the bankruptcy trustee of the claim and the trustee requested all of the documents regarding the claim; (2) asked the trustee on several occasions whether he intended to pursue the claim on behalf of the estate; (3) moved the bankruptcy court for a status conference on the issue of the claim; (4) unsuccessfully moved to allow the trustee to be substituted for plaintiffs in their lawsuit after the trustee refused to abandon the claim in the bankruptcy proceeding; and (5) filed an amendment to their original bankruptcy petition to add the lawsuit to their bankruptcy schedules after the defendant filed a motion to dismiss on the basis of judicial estoppel. 385 F.3d at 895-97. The court held that, although the plaintiffs had knowledge of the potential claim during the pendency of the bankruptcy proceeding, the above listed actions demonstrated that their omission was in good faith and most likely

15

inadvertent. Id. at 899 & n. 3.

The Scott court held that the plaintiff was distinguishable from the plaintiffs in Eubanks because "the plaintiff presented no evidence that she took steps to apprise the bankruptcy court of the case here until she was 'caught' concealing the asset." Id. Similarly, the plaintiffs here have not established a lack of bath faith as neither presented any evidence that she took steps to apprise the bankruptcy court of the case here until she was 'caught' concealing it.

### E. Equitable Arguments

### 1. Argument

Finally, the plaintiffs contend that judicial estoppel should not be applied because they are no longer receiving an unfair advantage and MGM is not subject to any unfair detriment. The plaintiffs say that now that they have taken steps to rectify their omissions, any recovery will be used to pay their creditors and bankruptcy fees. In short, plaintiffs will not receive a windfall from their failure to disclose the case, but rather their creditors will receive payment on their debts. Thus barring the claims results in detriment to these creditors. Shapp v. Oakwood United Hospitals, 458 F. Supp. 2d 463, 473 (E.D. Mich, 2006) (refusing to bar a plaintiff from pursing personal injury claims not disclosed in a bankruptcy proceeding because declining to hear the case would allow the defendants, potential tort-feasors, to gain an undeserved windfall at the expense of the bankruptcy creditors.)

MGM responds that the issue is not whether plaintiff will ultimately derive an actual benefit from her misrepresentations, but whether she could have derived such a benefit. In Johnson, 345 B.R. at 823, the court noted that:

16

> If the Defendants had not discovered the Debtor's bankruptcy, raised the issue of judicial estoppel, and thereby compelled the Debtor to belatedly disclose the existence of the pending action to the Trustee, the Debtor would have strolled away from her chapter 7 case with a discharge of her debts. The Debtor would have retained any subsequent monetary recovery from the wrongful discharge action and her creditors would have received nothing.

The plaintiffs also say that MGM is seeking to have this Court "punish" them for an alleged fraud on the bankruptcy court. The plaintiffs suggest that if any court should "punish" them, it should be the bankruptcy court because it is in a better position to consider the equities of their case, including whether it believes that the plaintiffs' conduct was inadvertent, whether it relied upon the plaintiffs' omission, and the interest and rights of the creditors.

### 2. Resolution

The plaintiffs' arguments are unavailing. First, it must be emphasized that, "[T]he disclosure obligations of consumer debtors are at the very core of the bankruptcy process and meeting these obligations is part of the price debtors pay for receiving the bankruptcy discharge." Colvin, 288 B.R. at 481. Second, it is not better for the bankruptcy court to determine whether the plaintiffs deserve to be "punished". "Judicial estoppel is a doctrine employed to protect the integrity of the judicial proceeding. Browning, 283 F.3d at 776. Moreover, as explained by In re Dewberry, 266 B.R. 916, 920 (Bankr. S.D. GA 2001):

> No litigant engages in self-serving contradiction when the first representation is made to a Court. Here, when Debtor originally filed his bankruptcy petition and failed to schedule the claim against [the defendant], no judicial estoppel argument arose. Only when the subsequent representation was made (in the United States District Court case) did the estoppel issue arise. It seems self-evident that if the principle is invoked to protect the integrity of the judiciary, then it must be invoked in the Court in which the apparent self-serving

17

contradiction occurred and in which the defense is first asserted.

Accordingly, regardless of what the bankruptcy court decides to do with regards to the plaintiffs' petitions to reopen their bankruptcy cases and amend their schedules and financial statements, <u>this</u> Court is the proper authority to determine whether judicial estoppel should be applied to dismiss their claims in the case here.

## V. CONCLUSION

For the reasons explained above**,** MGM is GRANTED summary judgment against Terrell and Spann, and their cases are DISMISSED.

SO ORDERED.

    s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: July 16, 2007

I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, July 16, 2007, by electronic and/or ordinary mail.

    s/Julie Owens
Case Manager, (313) 234-5160