UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VINCENT MAXWELL, et al.,

       Plaintiffs,                       Case No. No. 03-73134

v.                                      District Judge Avern Cohn
                                       Magistrate Judge R. Steven Whalen

MGM GRAND DETROIT, LLC.,

       Defedant.
_____/

**OPINION AND ORDER DENYING MOTION TO DISMISS
BUT GRANTING DISCOVERY SANCTIONS**

Before the Court is Defendant's Motion to Dismiss Plaintiffs Vincent Maxwell and Desmon Smith for Failure to Comply with Discovery Order [Docket #102].[1] Defendant argues that because Maxwell and Smith failed to appear for their depositions, they are in violation of this Court's order of March 30, 2007 in docket no. 03-73007,[2] and are therefore subject to the sanction of dismissal pursuant to Fed.R.Civ.P. 37(b)(2).

---

[1] On July 31, 2007, the Court entered an order denying this motion as to Plaintiff Kimberly Elvy, but directing that she be deposed before August 31, 2007. The portion of the Motion dealing with Maxwell and Smith, addressed in the present Opinion and Order, was taken under advisement pending further briefing.

[2] A number of MGM Grand cases have been consolidated for purposes of discovery; thus, even though the March 30, 2007 order was filed in docket no. 03-73007, it was applicable to all cases, including Maxwell's and Smith's.

-1-

In addition to having heard oral argument, the Court has reviewed the Defendant's Motion and Brief; the Plaintiffs' Answer; the Defendant's Reply; the Plaintiffs' Sur-Reply; the Supplemental Declaration of Desmon Smith; the Defendant's Response to the Supplemental Declaration; and Desmon Smith's Sur-Reply to the Response to Supplemental Declaration.

For the reasons set forth below, the Motion to Dismiss is denied, but the Court will impose lesser sanctions under Rule 37(b)(2).

## I. FACTUAL BACKGROUND

On March 30, 2007, this Court entered an order granting Defendant's motion to compel the depositions of certain Plaintiffs, including Vincent Maxwell and Desmon Smith. The order stated that the depositions were to be held within 30 days, that is, by April 30, 2007.

Maxwell's deposition was noticed for May 1, 2007. However, on April 30, 2007, Maxwell cancelled the deposition, claiming that he was too ill to attend. The deposition was re-noticed for May 24, 2007. However, Maxwell again cancelled, claiming that he was scheduled to work that day. (Maxwell is employed by Defendant Casino).

Defendant has submitted documentation showing that on April 30, 2007, the day Maxwell claimed illness, he was in fact at the Casino, taking a test. Defendant also states that although Maxwell was scheduled to work on May 24, 2007, his shift did not start until 8:00 p.m.

Desmon Smith's deposition was noticed for April 3, 2007. Defendant states that on

that date, Smith arrived 30 minutes late, and said that he had to leave early. Therefore, the deposition was not completed. Smith's deposition was re-noticed for May 23, 2007. On May 22, 2007, Smith cancelled, stating that he had to work on May 23rd. (Smith is also employed by Defendant). Smith states that someone at MGM Grand told him that he could not have time off to attend his deposition, and that his lawsuit was "at the bottom of the totem pole." Smith claims that his work is "all consuming."

Defendant has submitted the affidavit of Karen Brookstein, Smith's supervisor, stating that Smith was not scheduled to work on May 23, 2007, and did not work on that date.

## II. LEGAL PRINCIPLES

Fed. R. Civ. P. 37(b)(2) states in pertinent part that "if a party ...fails to obey an order to provide or permit discovery..., the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

> **(A)** An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;
>
> **(B)** An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;
>
> **(C)** An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party . . . .
>
> In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the

failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust."

Pursuant to Rule 37(b)(2), the sanction imposed is vested in the court's discretion. *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976); *Regional Refuse Systems, Inc. V. Inland Reclamation Co.*, 842 F.2d 150, 154 (6th cir. 1988). The "federal courts have well-acknowledged inherent power to levy sanctions in response to abusive litigation practices." *DLC Management Corp. v. Town of Hyde Park,* 163 F.3d 124, 135 (2nd Cir. 1998) (internal citations omitted).

Where a dismissal is sought under Rule 37(b)(2)(C), the Court's discretion is informed by the four-part test described in *Harmon v. CSX Transportation, Inc.*, 110 F.3d 364, 366-67 (6th Cir. 1997): (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed or defaulted party was warned that failure to cooperate could lead to dismissal or entry of default judgment; and (4) whether less drastic sanctions were imposed or considered before dismissal or default judgment was ordered. *See also Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990). In deciding whether to impose "the draconian sanction" of default judgment, the first factor–the party's willfulness or bad faith in failing to comply with a discovery order–looms large. *Intercept Security Corp. v. Code-Alarm, Inc.*, 169 F.R.D. 318, 321-22 (E.D. Mich. 1996), citing *Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers*, 357 U.S. 197, 212, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958). In addition, a prior warning that failure to comply with a discovery order will

result in dismissal is pivotal both to the determination of willfulness and to the ultimate decision to dismiss. *See Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir. 1988).

## III. ANALYSIS

### A. Vincent Maxwell

1. Willfulness

Maxwell is under a doctor's care, and did provide a doctor's note regarding his non-appearance at the May 1, 2007 deposition. On the other hand, Exhibit J to Defendant's Reply Brief shows that on April 30, 2007–the date Maxwell cancelled his deposition because he was "too sick"–he was in fact at the Casino taking a test, which he passed. Further, Maxwell claims that he had to work on the new deposition date, but his shift did not start until 8 p.m.; he would therefore arguably been able to attend a daytime deposition.

Maxwell's proffered reasons for not attending his depositions are highly suspect. While he may have been under a doctor's care at some point during the time in question, he was apparently not too sick on April 30th to show up at work and take a test. It appears to this Court that Maxwell exploited an "illness" as an excuse to avoid deposition. Likewise, given that he was not scheduled to work until 8:00 p.m. on May 24th, he again seems to have been grasping for an excuse not to attend his re-scheduled deposition.[3]

In determining sanctions, including the sanction of dismissal, this factor weighs

---

[3]The Court is not suggesting that Maxwell's lawyer was complicit in any deception. It may be that Maxwell and Smith have been less than completely truthful with their attorneys.

against Plaintiff Maxwell.

2. Prejudice to Plaintiff

Without question, Defendant is prejudiced by the inability to depose Plaintiff Maxwell. However, this prejudice can be cured by setting a firm date for the deposition.

3. Prior Warning

Maxwell has not received a prior warning that his case would be subject to dismissal for failure to cooperate in court-ordered discovery.

4. Imposition of Less Drastic Sanctions

Lesser sanctions have not been previously imposed.

While the Court is highly suspicious of Maxwell's excuses, and is prepared to find that he has to date acted in bad faith, nevertheless, on balance, the draconian sanction of dismissal will not be imposed at this time. In exercising its discretion, the Court gives weight to the fact that Maxwell has not been warned that dismissal is a possibility for discovery abuses, and that there have been no incremental sanctions imposed.

However, the Court *will* impose lesser sanctions at this time, as set forth below.

**B.   Desmon Smith**

1. Willfulness

Like Maxwell, Smith's reasons for cancelling his re-scheduled deposition are fishy. He did appear on April 3, 2007, arriving late and leaving early, before the deposition was concluded. His excuse for cancelling the new date of May 23rd–that he was required to work that day–is belied by the affidavit of Karen Brookstein, who states that he was not

scheduled to work that day, and in fact did not work that day.

This factor weighs against the Plaintiff.

2. Prejudice

Again, Defendant is prejudiced by its inability to depose Plaintiff Smith. However, the prejudice can be cured by setting a firm time-frame for the deposition.

3. Prior Warnings and Lesser Sanctions

As is the case with Maxwell, Smith has neither received prior warnings that his case could be dismissed or lesser sanctions. That will change with this Opinion and Order.

The Court will deny the motion to dismiss at this time, but will impose other sanctions, as set forth in the next section.

## IV. CONCLUSION

The Defendant's Motion to Dismiss Maxwell and Smith is DENIED.

Pursuant to Rule 37(b)(2), the Court will, in its discretion, impose the following sanctions as to Plaintiffs Maxwell and Smith:

A. Both Maxwell and Smith will be deposed within 21 days of the date of this Order. The dates of the depositions will be at the convenience of and set by the Defendant, so long as they take place on weekdays (excluding holidays) between the hours of 8:30 a.m. and 6:00 p.m. Plaintiffs Maxwell and Smith will give their depositions priority over any other appointment or event that is scheduled in their lives, and will re-schedule other events if there is a conflict.

B. Defendant MGM Grand Casino, which employs both Maxwell and Smith, will not

schedule them to work or otherwise require their presence at work on the date of their depositions.

    C.  Within 30 days of the date of this Order, Plaintiffs Maxwell and Smith will pay costs and attorney fees to the Defendant in the amount of $500.00 each.  This sanction is personal to the Plaintiffs, not their attorneys.

    PLAINTIFFS' FAILURE TO COMPLY WITH THIS ORDER OR WITH ANY DISCOVERY ORDER OF THE COURT WILL RESULT IN SEVERE SANCTIONS UNDER RULE 37, INCLUDING DISMISSAL OF THEIR CASES.

    SO ORDERED.

                                            S/R.  Steven Whalen
                                            R.  STEVEN WHALEN
                                            UNITED STATES MAGISTRATE JUDGE

Dated:  November 13, 2007

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on November 13, 2007.

                                            S/Gina Wilson
                                            Judicial Assistant